**CONTINENTAL BANK AND TRUST COMPANY OF SALT LAKE CITY, as Trustee, Plaintiff,**

v.

**Henry GARFINKLE, Greater Boston Distributors, Inc., William Ash, Maxwell M. Rabb, David Lubart, William Werfel, William Levine, Samuel Nichols, Anne Garfinkle and International Airport Hotel System, Inc., Defendants.**

No. 68 Civ. 1327.

United States District Court
S. D. New York.

Oct. 29, 1968.

Goldfeld, Charak, Tolins & Lowenfels, New York City, George Charak, and Lewis D. Lowenfels, New York City, of counsel, for plaintiff.

Strook, Strook & Lavan, New York City, Charles G. Moerdler, and Laurence Greenwald, New York City, of counsel, for individual defendants, with the exception of defendant, Henry Garfinkle.

## OPINION

TYLER, District Judge.

Plaintiff Continental Bank and Trust Company ("Continental"), a Utah banking corporation, brings this suit as trustee on behalf of infant beneficiaries. Holding approximately 5% of the outstanding shares of the common stock of International Airport Hotel System, Inc. ("International") in trust, Continental has commenced this derivative suit seeking to rescind a sale by International of 100,000 shares of its common stock to defendants Garfinkle and Greater Boston Distributors, Inc. ("Greater Boston"), the latter being a securities firm owned by Garfinkle. Also named as defendants in this action are the individuals who comprised the entire board of directors of International at the time of the sale of the shares.

Three claims are stated in the complaint. The first claim is that the sale violated Section 10(b) of the Securities Exchange Act of 1934[1] and Rule 10b–5 thereunder. The second is that the sale violated Section 17(a) of the Securities Act of 1933.[2] The third claim is that the sale was made in breach of the defendant directors' fiduciary duties under state law. Defendants move for dismissal of the complaint pursuant to Rule 12, F.R.Civ.P., on the ground that the complaint fails to state a federal claim and that the third or "state" claim must fall with the two alleged federal claims. Since, however, the parties have seen fit to submit affidavits in support of their positions, I am constrained to believe that this motion should be treated as one for summary judgment. See Rule 12(b), F.R.Civ.P.

The following salient facts which are alleged in the complaint must be accepted

1. 15 U.S.C. § 78j.

2. 15 U.S.C. § 77q.

as true for purposes of this motion. Garfinkle was at the time of the sale in question a "control shareholder" of International and controlled the relevant actions of each and every member of the board of International. (Complaint, ¶ 4 and 7.) In 1962, Garfinkle caused International to borrow from him $600,000, half of which was to be convertible into 100,000 shares of International common stock. (Complaint, ¶ 15.) In 1965, Garfinkle converted the $300,000 debt into 100,000 shares of common. (Complaint, ¶ 16.) At times during the years 1966–67, the board was requested to refinance the loans to Garfinkle. (Complaint, ¶ 17.) Early in 1968 there was a conspiracy among all the defendants to have the corporation sell 100,000 shares of common to Garfinkle for $270,000 to cancel all but $30,000 of the debt. (Complaint, ¶ 18.) The common stock was per share "paid" by Garfinkle (Complaint, ¶ 19), all of the defendants knew worth considerably more than the $2.70 that the stock was worth much more (Complaint, ¶ 20), but the board of directors nevertheless authorized the transaction.

## I.

■ The complaint in my view, states a proper claim under Rule 10b–5. Defendants' only serious argument is disposed of by our Court of Appeals' recent decision in Schoenbaum v. Firstbrook, 405 F.2d 200 (2d Cir. May 29, 1968). Defendants contend that because the whole board of directors of International knew the facts of the sale on which plaintiff here relies, no fraud occurred because the corporation is bound by the knowledge of its board of directors. The issue, then, is whether knowledge of a board of directors which was allegedly dominated and controlled by defendant Garfinkle is to be attributed to allegedly defrauded stockholders through the corporate form.

■ The heart of the relevant portion of the *Schoenbaum* opinion is clear on this point:

"A corporation can act only through its agents and officers and can know only what its agents and officers know. [citations omitted] In general, if the corporation's agents have not been deceived, neither has the corporation. However, as in other situations governed by agency principles, knowledge of the corporation's officers and agents is not imputed to it when there is a conflict between the interests of the officers and agents and the interests of the corporate principal. [citations omitted] *Therefore, a corporation may be defrauded in a stock transaction even when all of its directors know all of the material facts, if the conflict between the interests of one or more of the directors and the interests of the corporation prevents effective transmission of material information to the corporation, in violation of Rule 10b–5(a)."* (Emphasis added.) 405 F.2d at 211.

■ I note that the Court of Appeals granted summary judgment to the defendant in *Schoenbaum*, primarily on the basis that plaintiff failed to substantiate its allegations that the directors had conflicts of interest whereas defendant submitted specific affidavits directly to the contrary. This case is entirely different. Here plaintiff and defendants have submitted relevant affidavits based on personal knowledge. Since the allegations in the affidavits are conflicting on the crucial issue of conflicts of interest, the motion for dismissal of the claim based upon Rule 10b–5 or, alternatively, for summary judgment thereon plainly must be denied.

## II.

■■ Turning to the second stated claim based upon Section 17(a) of the Securities Act of 1933,[3] it is clear from

3. "(a) It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly—

(1) to employ any device, scheme, or artifice to defraud, or
(2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to

712

the wording of the provision and subsequent enforcement policies that Section 17 applies only to fraud by sellers of securities. See, Loss, Securities, 1423–24 (2d ed. 1961). Plaintiff's basic allegation is that the corporation was defrauded by purchasers. Hence, this claim must be dismissed as a matter of law. Rule 12(b) (6), F.R.Civ.P.

### III.

Finally, inasmuch as this court has ruled that the first claim based upon Rule 10b–5 is legally sufficient, it follows that the third or pendent claim need not be dismissed.

It is so ordered.

make the statements made, in the light of the circumstances under which they were made, not misleading, or

(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser."